48 P.(2d) 786

TRUSTEES OF PROPERTY OF PROTESTANT EPISCOPAL CHURCH IN NEW MEXICO v. STATE TAX COMMISSION et al.

No. 4035.

Supreme Court of New Mexico.

July 23, 1935.

Rehearing Denied Sept. 24, 1935.

Charles B. Barker, of Santa Fe, for appellant.

E. K. Neumann, Atty. Gen., and J. D. Mell and David Chavez, Jr., both of Santa Fe, for appellees.

BICKLEY, Justice.

The situation of the parties in this case upon the facts is similar, except in one respect, to that of the parties in Church of the Holy Faith v. State Tax Commission et al., 39 N. M. 403, 48 P.(2d) 777, No. 4034, decided July 15, 1935. The claim of appellant in the case now before us upon similar proceedings resulted in a judgment of like effect as that rendered in said cause No. 4034.

The only material variation as to the facts is that in the case at bar it was alleged in plaintiff's complaint: "About sixteen years ago, plaintiff in its said capacity as trustee, acquired the said property for the purpose of establishing and maintaining a Girls School, to be established and maintained by said district church as a part of its religious and educational work, and plaintiff is now, and at all times since acquiring said property, has been holding the same for said purpose and for no other purpose. Although plaintiff has not up to this time been able to secure sufficient financial aid to carry forward its said plans and purposes to completion, plaintiff still contemplates and plans to establish, operate and maintain such a school on said property as a part of its educational and religious work, as soon as it can find means to finance the same, and is holding said property for no other purpose whatever."

Appellant does not in argument stress this as a distinction relied upon, but we deem it proper to notice it.

The law applicable to such a situation is thus stated in 26 R. C. L., Taxation, § 283: "When a religious society has bought a lot for the purpose of erecting a church thereon, and has begun and is prosecuting with all reasonable diligence the erection of the building, the lot is generally held to be exempt from taxation. But a lot of land bought by a religious society with the intention of erecting a house of religious worship thereon even in the immediate future is not exempt."

The Permanent Supplement of this text contains a statement as follows: "It is generally held that land on which it is the intention of a religious society to erect a church building, but on which no work of construction has been commenced, is not exempt from taxation. 17 A. L. R. 1038, note.

We agree with the trial court that the additional allegations of the complaint quoted, supra, are not sufficient to constitute the land in question "property used for educational * * * purposes," or "church property." Const. art. 8, § 3.

This case being controlled by our decision in Church of the Holy Faith v. State

Tax Commission et al., the judgment of the district court must be affirmed and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.